MEMORANDUM **
Magdallena Guerrero-Aguilar, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals’ (“BIA”) order dismissing her appeal from an immigration judge’s (“IJ”) removal order. We have jurisdiction pursuant to 8 U.S.C. § 1252. We review “whether substantial evidence supports a finding by clear, unequivocal, and convincing evidence that [Guerrero-Aguilar] abandoned [her] lawful permanent residence in the United States.” Khodagholian v. Ashcroft, 335 F.3d 1003, 1006 (9th Cir.2003). We review de novo claims of constitutional violations in immigration proceedings. Iturribarria v. INS, 321 F.3d 889, 894 (9th Cir.2003). We deny the petition for review.
Substantial evidence supports the BIA’s determination that the government met its burden of showing Guerrero-Aguilar abandoned her lawful permanent resident status because the record does not compel the conclusion that she consistently intended promptly to return to the United States. See Singh, v. Reno, 113 F.3d 1512, 1514 (9th Cir.1997) (holding that “[t]he relevant intent is not the intent to return ultimately, but the intent to return to the United States within a relatively short period” and an alien “may extend his trip beyond that relatively short period only if he intends to return to the United States as soon as possible thereafter”); see also Chavez-Ramirez v. INS, 792 F.2d 932, 937 (9th Cir. 1986) (alien’s trip abroad is temporary only if he has a “continuous, uninterrupted intention to return to the United States during the entirety of his visit”).
Contrary to Guerrero-Aguilar’s contention that the IJ violated due process, the proceedings were not “so fundamentally unfaii’ that [Guerrero-Aguilar] was prevented from reasonably presenting [her] case.” Colmenar v. INS, 210 F.3d 967, 971 (9th Cir.2000) (internal quotation marks and citation omitted).
Guerrero-Aguilar’s contention that the agency decision is internally inconsistent is not supported by the record.
PETITION FOR REVIEW DENIED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.